# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00348-CV

**Walter B. Mitchell, Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT
### NO. 219,098-B, HONORABLE CHARLES H. VAN ORDEN, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Walter B. Mitchell[1] filed a notice of appeal from the district court's order terminating his parental rights to C.A.M. Mitchell's appointed appellate counsel examined the record and filed a brief asserting that he finds the appeal frivolous.

The district court found by clear and convincing evidence that Mitchell had engaged in conduct that endangered the physical and emotional well-being of the child. *See* Tex. Fam. Code Ann. § 161.001(1)(E) (West Supp. 2007). The district court also found by clear and convincing evidence that Mitchell knowingly engaged in criminal conduct that resulted in his conviction of an offense and confinement for more than two years from the date of the filing of the petition.[2] *See id.* § 161.001(1)(Q). Finding by clear and convincing evidence that termination of Mitchell's parental

---

[1] Appellant testified that he is also known as Walter Boyd Brooks.

[2] Mitchell's counsel notes that the district court failed to recite in open court that Mitchell engaged in his criminal conduct knowingly, but the termination decree contains that recitation.

rights is in the child's best interest, *see id.* § 161.001(2), the district court terminated Mitchell's parental rights to C.A.M.

Mitchell's counsel has filed a brief consistent with the procedure outlined in *Anders v. California.*[3]  386 U.S. 738, 741-44 (1967).  In the brief, Mitchell's appellate counsel concludes that the evidence of Mitchell's criminal history and incarceration supports the termination sufficiently to render the appeal frivolous.

Mitchell has several convictions, including burglaries of habitations, theft of a motor vehicle, and unauthorized use of a motor vehicle, dating back to 1978 and continuing through his most recent conviction in 1992.  At the time of the hearing, he was serving a 45-year sentence for attempted burglary of a habitation.  He was paroled in 2002, but that parole was revoked in August 2006.  Although Mitchell asserted he would be released again on parole in July 2007, the Department of Criminal Justice projected a release date in 2018, and his 45-year sentence concludes in 2036.

Mitchell's counsel compared the evidence to the *Holley* factors to assess the child's best interest.  *See Holley v. Adams*, 544 S.W.2d 367, 370 (Tex. 1976).  C.A.M., born in September 2006, was not old enough to articulate his desires regarding parental rights at the May 2007 hearing.  With C.A.M.'s mother's parental rights terminated, C.A.M. had emotional and

---

[3]  In *Anders*, the United States Supreme Court held that a court-appointed defense attorney in a criminal case who determines, after fully examining the record, that an appeal is wholly frivolous and without merit must so advise the appellate court and then set forth any potential points of error and applicable law that might arguably support the appellant's position. *Anders v. California*, 386 U.S. 738, 741-44 (1967).  This Court has accepted the use of this procedure by appointed counsel in parental rights termination cases. *Taylor v. Texas Dep't of Prot. & Regulatory Servs.*, 160 S.W.3d 641, 647 n.4 (Tex. App.—Austin 2005, pet. denied).  A frivolous appeal is one that lacks any basis in law or in fact. *McCoy v. Court of Appeals of Wis.*, 486 U.S. 429, 438 n.10 (1988).

physical needs that Mitchell could not satisfy while incarcerated. Mitchell's testimony that he violated his parole to stay with C.A.M.'s mother indicates that (1) he was with her when she was using cocaine daily while pregnant, and (2) that he risked leaving C.A.M.'s mother unattended in the event that his parole was revoked which, in fact, occurred. There was no evidence that Mitchell had taken or would take advantage of any prison programs to help him with parenting, that Mitchell had a specific plan for meeting C.A.M.'s needs, or that Mitchell had any explanation for his criminal history that would excuse his inability to care for C.A.M. Mitchell testified that, if released on parole, he had an address with C.A.M.'s mother—who, along with C.A.M., tested positive for cocaine at his birth (because of her self-described daily use of cocaine during her pregnancy), who continued to test positive for two months after his birth and removal from her care, who admitted using cocaine two days before the termination hearing, and whose parental rights to C.A.M. were terminated. He also testified that he had a job offer and a place to stay from his pastor and that he believed he could change and wanted the chance to be part of his child's life. There was evidence that C.A.M. had been with a foster family from early in his life and that the foster family wanted to adopt him.

Mitchell has filed a letter requesting that this Court provide him the chance to retain his parental rights. He asserts that he is in prison because he resided in an area of town that was unacceptable to his parole officer. Mitchell explains he did not move because he lacked sufficient funds or options and refused to abandon his pregnant companion. He admits that C.A.M.'s mother has been a drug user. He states that, because he has been in prison, he has not seen C.A.M. He

3

asserts that he will be released on parole in 2008 and requests the opportunity to show he can be a good father and to take whatever steps are necessary.

We are confined to reviewing whether appellant has shown that the trial court committed an error warranting reversal of the judgment. Mitchell's letter does not describe any error of law by the trial court. While we are sensitive to the poignant plea in his letter for a chance to prove his ability to be a good parent, the letter does not show that, based on the totality of the record, the trial court committed any reversible error in terminating his parental rights.

We affirm the termination of Mitchell's parental rights to C.A.M. We grant Mitchell's attorney's motion to withdraw as counsel for Mitchell.

_____

G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed: May 15, 2008

4